IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL MCCARRELL #0485849, )
)
    Plaintiff, )
)
v. ) No. 3:15-CV-00144
)
CCA (MCDCF), ) SENIOR JUDGE HAYNES
)
    Defendant. )

## MEMORANDUM

Plaintiff, Michael McCarrell, an inmate at the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against the Defendants: Corrections Corporation of America ("CCA") (MCDCF), CCA Head Quarters and Terry Burks. (Docket Entry No. 1.) CCA is the only Defendant to this action and the entirety of the Statement of Facts in Plaintiff's Complaint is as follows:

> They say they are investigating, but to this point, I have not received any help or any responses regarding this matter. The C.O. is still working at this facility.

(Docket Entry No. 1, Complaint at 5.) At best, Plaintiff had an encounter with a CCA officer and the Defendant has not responded to his complaint about the encounter.

The Complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments

and most successful strategies for a party.'" *Dixie v. Ohio*, No. 1:08-cv-0450, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

For a claim against CCA, Plaintiff must allege plausible facts suggestive of a corporate policy or custom or practice. Without evidence that an employee's actions were "undertaken pursuant to any policy or custom" of the employer, the "only potential liability is vicarious liability." Street v. Corrections Corporation of America, 102 F.3d 810, 817-18 (6th Cir. 1996). Yet, "[a] defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." Id., citing Monell v. Department of Social Serv., 436 U.S. 658, 691 (1978).

In this case, Plaintiff's Complaint is wholly devoid of any factual allegations that could establish a violation of his civil rights by the named Defendant and fails to state a claim for relief.

For the reasons set forth herein, Plaintiff's Complaint must be dismissed failure to state a claim for which relief can be granted.

An appropriate Order is filed herewith.

_____
WILLIAM J. HAYNES, JR
Senior United States District Judge